UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| | ) |
| | )     MDL No. 1877 |
| | ) |
| IN RE CLASSICSTAR MARE LEASE | )       Master File: |
| LITIGATION | )Civil Action No. 5:07-cv-353-JMH |
| | ) |
| | )      5:07-cv-347-JMH |
| | )       5:07-cv-348 |
| | )      5:07-cv-349-JMH |
| | )      5:07-cv-351-JMH |
| | )       5:07-cv-419 |
| | )      5:08-cv-53-JMH |
| | )      5:08-cv-321-JMH |
| | )      5:08-cv-496-JMH |
| | )       5:09-cv-15-JMH |

**MEMORANDUM OPINION & ORDER**

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Motion of Defendants S. David Plummer and Spencer D. Plummer, III (hereinafter, collectively, "Plummers"), to Compel Production of Audit Report [*see* Lexington Civil Action No. 07-353, Record No. 1065], to which Defendants Tony Ferguson, GeoStar Corporation, John Parrott, and Thom Robinson have responded [*see* Lexington Civil Action No. 07-353-JMH, Record No. 1108], stating their objections.  Movants have also filed a Reply in further support of the Motion [*see* Lexington Civil Action No. 07-353-JMH, Record No. 1143].  The Court being sufficiently advised, the Motion will be denied for the reasons stated below.

In their motion, the Plummers have ask the Court to compel GeoStar Corporation and Tony Ferguson to produce a financial audit

of GeoStar and ClassicStar, LLC, shown to Robert L. Keys, owner of Defendant Private Consulting Group ("PCG"), by Ferguson on or about February 2009 and referenced in Key's deposition.  During the April 10, 2009, deposition of Keys, the Fed. R. Civ. P. 30(b)(6) designee for Defendant PCG, testified that Ferguson, an officer of GeoStar and ClassicStar, had shown him an audit report of GeoStar and ClassicStar two months prior to the deposition.

As the parties have explained it, the audit was conducted by a public accounting firm and, according to Keys, revealed that David Plummer had taken approximately $60 million that was paid into the ClassicStar program and that some sum of money was moved back and forth between GeoStar and ClassicStar.  The day of the deposition, counsel for the Plummers and the various plaintiffs requested from GeoStar a copy of the audit report described by Keys at his deposition.  GeoStar declined to produce the document on the basis that the audit was protected by a joint attorney-client or work product privilege shared by GeoStar, Ferguson, Robinson, and Parrott.

Counsel for GeoStar has described the so-called audit document as a spreadsheet containing targeted financial information collected from GeoStar and its financial personnel and prepared at the request of undersigned counsel in order to assess the merits of the allegation that millions of dollars were looted from ClassicStar's accounts by GeoStar and to better understand the flow of cash from ClassicStar to GeoStar compared to the value returned

by GeoStar to ClassicStar, as well as large transfers of cash and stock to Plummer.  A draft tabulation of the financial numbers was provided to counsel for use in analyzing the claim.

No one disputes that it is a portion of this document that was shown to Keys.  Plummer argues, however, that Ferguson waived any privilege or protection that might be assigned to that document when he disclosed the document to Keys, a third party.  GeoStar argues that Ferguson's disclosure of the audit does not consitute a waiver of Defendants' attorney-client and work product privileges because a joint client privilege exists.

As an initial matter, the document in question may fall within the scope of attorney-client privilege, which attaches in certain instances where an attorney has communications with his client, as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to the purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except [where] the protection be waived.

*United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964) (quoting 8 Wigmore, Evidence § 2292 at 554).  They also fall, however, within that category of protection afforded attorney work product.

Stated succinctly:

> The work-product doctrine protects an

3

> attorney's trial preparation materials from
> discovery to preserve the integrity of the
> adversarial process. *See Hickman v. Taylor*,
> 329 U.S. 495, 510-14 (1947). The work-product
> doctrine is a procedural rule of federal law;
> thus, Federal Rule of Civil Procedure 26
> governs this diversity case. *In re Powerhouse
> Licensing, LLC*, 441 F.3d 467, 472 (6th Cir.
> 2006). Rule 26(b)(3) protects (1) "documents
> and tangible things"; (2) "prepared in
> anticipation of litigation or for trial"; (3)
> "by or for another party or its
> representative."

*In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). In the instant matter, no one disputes that the spreadsheet in question was prepared at the behest of counsel in anticipation of litigation. *See id*. at 439 (quoting *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir.2006)) ("a document has been prepared 'in anticipation of litigation,' and is thus protected work product, . . . [when] that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and ... [when] that subjective anticipation was objectively reasonable."). Thus, it qualifies for protection under the work-product doctrine. *See id.* at 438.

The question, then, is whether the work-product protection was waived when Ferguson showed the document to Keys, whether in Keys' role as an individual or as a representative of PCG, neither of whom were represented at that time by the same attorney as Ferguson, Robinson, Parrott, and GeoStar. As with attorney-client privilege, work product protection can be waived by disclosing the

4

product itself to a third party. However, unlike the attorney-client privilege, the third party to whom the disclosure is made must be an "adversary" in order for waiver to take place regarding work product material. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 293 F.3d 289, 305 (6th Cir. 2002).

The Plummers offer the conclusion that Keys is a "potential adversary" for these co-defendants, but no one has suggested how that might come to be.  Neither Ferguson, Robinson, Parrott, nor GeoStar have indicated that they consider PCG or Key to be an adversary or a potential adversary, although they have no motivation to do so in the context of this motion.  That said, while there has been a host of finger-pointing among the various defendants to the primary lawsuits by investor-plaintiffs with respect to the mare leasing programs, no one has identified any claims by or between Ferguson, Robinson, Parrott, and GeoStar and PCG or Keys at this point nor has anyone anticipated that they will or articulated how they will arise.  In the absence of some suggestion that this spreadsheet was shown by Ferguson to an "adversary" of his own or one of his co-defendants, including GeoStar, the Court is satisfied that work product doctrine applies and continues to protect this spreadsheet against disclosure to the Plummers at this time.  As such, the Court need not further explore the question of joint-client or co-client privileges.

Finally, the Court cannot conclude that the privilege should

be disregarded because the Plummers have demonstrated a need for the information in this spreadsheet on grounds of substantial need or inability to obtain the information from other sources. Responding Defendants have indicated that the data on financial transfers from which the information on this spreadsheet was drawn has been produced to the Plummers.  The Plummers argue that somehow this Court needs more evidence of the fact that the two are correlated, but they do not suggest that the data from which the spreadsheet was prepared came from any other source.  The fact that the Plummers would like to see how counsel and clients compiled this data in order to prepare their case is not reason enough to order its production.

Accordingly, **IT IS ORDERED** that the Motion of Defendants S. David Plummer and Spencer D. Plummer, III (hereinafter, collectively, "Plummers"), to Compel Production of Audit Report [Lexington Civil Action No. 07-353, Record No. 1065] is **DENIED**.[1]

This the 4th day of April, 2012.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

---

[1]   The motion may be found in the individual actions as follows:  5:07-cv-347-JMH, DE 142; 5:07-cv-348, DE 152, 5:07-cv-349-JMH, DE 170; 5:07-cv-351-JMH, DE 66; 5:07-cv-419, DE 117; 5:08-cv-53-JMH, DE 217, 5:08-cv-321-JMH, DE 122; 5:08-cv-496-JMH, DE 86; and 5:09-cv-15-JMH, DE 77.